JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Ciana Evans

**DEFENDANTS**

School District of Philadelphia

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Law Offices of Robert T Vance Jr, 100 South Broad Street, Suite 905, Philadelphia PA 19110 215-557-9550

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | Personal Injury | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | Product Liability | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| | | | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | | [ ] 896 Arbitration |
| [ ] 230 Rent Lease & Ejectment | [x] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | |
| | | [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII of the Civil Rights Act of 1964

Brief description of cause:
Employment discrimination - race, sex, disability, retaliation

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE   None       DOCKET NUMBER

DATE
April 11, 2022

SIGNATURE OF ATTORNEY OF RECORD
*Robert T Vance Jr*

**FOR OFFICE USE ONLY**

RECEIPT #      AMOUNT      APPLYING IFP      JUDGE      MAG. JUDGE

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ Philadelphia, Pennsylvania _____

Address of Defendant: _____ Philadelphia, Pennsylvania _____

Place of Accident, Incident or Transaction: _____ Philadelphia, Pennsylvania _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ None _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 04/11/2022 _____ *Must sign here* _____ 37692 _____
                                           *Attorney-at-Law / Pro Se Plaintiff*                         *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A. Federal Question Cases:**

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☑ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
*(Please specify):* _____

**B. Diversity Jurisdiction Cases:**

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
*(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Robert T Vance Jr _____, counsel of record *or* pro se plaintiff, do hereby certify:

- ☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

- ☑ Relief other than monetary damages is sought.

DATE: 04/11/2022 _____ *Sign here if applicable* _____ 37692 _____
                                           *Attorney-at-Law / Pro Se Plaintiff*                         *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

**United States District Court for the Eastern District of Pennsylvania**

| | | |
|---|---|---|
| Ciana Evans | : | |
| | : | |
| v. | : | Civil Action No. |
| | : | Jury Trial Demanded |
| School District of Philadelphia | : | |

### *Complaint*

Plaintiff, Ciana Evans, brings a series of claims against Defendant, School District of Philadelphia, of which the following is a statement:

### *Jurisdiction and Venue*

1.      This Court has original jurisdiction to hear this Complaint and adjudicate the claims stated herein under 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. §§ 2000d-2, 2000e-5(f), this action being brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000d and 2000e et seq., the Americans With Disabilities Act, 42 U.S.C. § 12101 et seq., the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"), and the Civil Rights Act of 1991, Pub. L. 102-166, 105 Stat. 1071 (Nov. 21, 1991), to redress and enjoin the discriminatory practices of defendant.  This Court may exercise supplemental jurisdiction over Ms. Evans's state law claims under the Pennsylvania Human Relations Act, 43 P.S. §951 et seq. (the "PHRA"), pursuant to 28 U.S.C. §1367.

2.      Venue is proper in this judicial district by reason of 28 U.S.C. § 1391(b).

3.      Ms. Evans timely filed a charge of race, sex, and disability discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"), received a Notice of Right to Sue ("NRTS") from the EEOC, and has commenced this action within 90 days of receipt of each NRTS.

***The Parties***

3.      Plaintiff, Ciana Evans, is an African-American female citizen of the United States and a resident of this judicial district.

4.      Defendant School District of Philadelphia has a principal place of business located at 440 N. Broad Street, Philadelphia PA 19130.

5.      The acts set forth in this Complaint were authorized, ordered, condoned, ratified and/or done by defendant's officers, agents, employees and/or representatives while actively engaged in the management of defendant's business.

***Background Facts***

6.      Defendant appointed Ms. Evans to the position of Teacher as a temporary professional employee on July 4, 2020.

7.      During the 2020-2021 school year, Ms. Evans was a participant in the Peer Assistance and Review Program (PAR) and served as a teacher at Delaplaine McDaniel School.

8.      On or about June 10, 2021, Ms. Evans received a notice from her supervisor, Betsaida Ortiz, a Latinx female and the Principal of McDaniel School, that she was suspended without pay for allegedly unsatisfactory performance/ineffective teaching.  There was no justification for suspending Ms. Evans.  To the contrary, defendant suspended Ms. Evans because of her race, sex and disability, and in retaliation for her prior complaints about defendant's discrimination.

9.      Shortly thereafter, Ms. Evans received from defendant the written Statement of Charges and Notice of Right to Hearing dated June 8, 2021, recommending the termination of her employment with defendant.  A true and correct copy of the Statement of Charges and Notice of Right to Hearing is attached hereto as Exhibit A and made a part hereof.

2

10.     In response to the unjustified suspension and the Statement of Charges and Notice of Right to Hearing, on or about June 25, 2021, Ms. Evans filed a complaint of discrimination and harassment with defendant's Office of Employee and Labor Relations alleging that she and other women of color and women in the LGBTQ community were subjected to harassment and discrimination by Ms. Ortiz during the 2020-2021 school year.  Ms. Evans alleged that Ms. Ortiz had a pattern and practice of discriminating against women of color and women in the LGBTQ community and that Ms. Ortiz's recommendation that Ms. Evans be terminated was based on her race.

11.     Ms. Ortiz's discriminatory and harassing behavior was evident to Ms. Evans almost from the inception of her appointment.  On or about October 12, 2020, the teachers at McDaniel had a mandatory staff meeting.  Ms. Evans asked about a schedule change.  In response, using a very hostile tone of voice, Ms. Ortiz stated that Ms. Evans' class was not interesting, implied that Ms. Evans' position as a teacher was unnecessary, that Ms. Evans did not have the right to a schedule change, and that she was an ineffective teacher.

12.     Prior to the start of the 2020-2021 school year, Ms. Ortiz did not provide Ms. Evans with a curriculum she could use for her class.  Ms. Ortiz told Ms. Evans that the curriculum and related materials would come, but they never arrived.

13.     On or about October 19, 2020, Ms. Evans participated in a professional development meeting with Ms. Ortiz, other members of leadership and specialists.  The purpose of the meeting was to provide professional development counseling on Project Wisdom.  Shortly after the meeting began, Ms. Ortiz dismissed all of the attendees and ended the meeting.  She then called Ms. Evans on her cellphone, with Assistant Principal Howard listening to the call, and accused Ms. Evans of laughing at her during the meeting, called Ms. Evans "stupid" and a

3

"smart-ass," said Ms. Evans was dumb and wasted her time, and demanded that Ms. Evans use her weekends to do work to best accommodate Ms. Ortiz's schedule.

14.     During the first week of February 2021, Ms. Ortiz sent to all staff a notice with new instructions for teaching Black History Month.  Ms. Evans sent an email to Maureen O'Driscoll and Assistant Principal Howard asking for clarification.  They forwarded Ms. Evans' email to Ms. Ortiz.  Ms. Ortiz responded in a negative manner, referencing an incident where she believed that Ms. Evans was asleep during a professional development meeting, and referencing Ms. Evans' disability.  Ms. Ortiz copied Ms. Evans' PAR Coach on the email.

15.     On or about February 21, 2021, Ms. Ortiz entered one of Ms. Evans' classes.  She was rude, disruptive and interrogated Ms. Evans in front of her students.  A few days later, Ms. Ortiz submitted Informal Observation notes of Ms. Evans' performance, including copying and pasting the email from earlier in February.

16.     On or about May 11, 2021, Ms. Orbitz gave Ms. Evans an informal observation in a second-grade class.  The observation was contrary to defendant's policy, which provides that observations in a class outside of a teacher's area of certification are not permitted.  In her notes of the observation, Ms. Ortiz stated that Ms. Evans was not allowed to show movies to students. However, non-Black teachers, have shown the same movies to their students without being criticized for doing so.

17.     Ms. Ortiz did not allow Ms. Evans or other Black female teachers to ask questions or speak during professional development meetings because she did not like the comments they made and believed that some of their comments were inappropriate.

18.     Ms. Evans previously filed a charge of discrimination with the EEOC, Charge No. 530-2021-03889C, alleging a continuing course of retaliation and discrimination based on her sex, age, and disability.

19.     Ms. Evans has a disability, diabetes and anxiety, within the meaning of the ADA.

20.     Defendant granted Ms. Evans' request for reasonable accommodation, and allowed her to work remotely from February 2021 through May 2021.

21.     Defendant terminated Ms. Evans's employment because of her race, sex and her disability, perceived disability or record of having been disabled, and in retaliation for her complaints of discrimination and harassment.

22.     Defendant terminated Ms. Evans's employment in retaliation for having requested reasonable accommodations, and for having filed the prior charge of discrimination and retaliation.

23.     Ms. Evans was able to perform all of the functions of her position other than those for which she required an accommodation.

24.     Defendant's actions constitute discrimination against Ms. Evans because of her race, sex and disability, and in retaliation for having exercised her rights under the ADA and for having filed the charge of discrimination and retaliation.

25.     By reason of defendant's discrimination and retaliation, Ms. Evans suffered and will continue to suffer extreme harm, including loss of income and other employment benefits, loss of professional opportunities, embarrassment and humiliation.

26.     Defendant acted and failed to act willfully, maliciously, intentionally and with reckless disregard for Ms. Evans' rights.

## Count I

### *The Civil Rights Act of 1866, 42 U.S.C. §1981*

27.     Plaintiff restates and realleges paragraphs 1-26, inclusive, as though set forth here in full.

28.     Ms. Evans had a federal statutory right under the Civil Rights Act of 1866, 42 U.S.C. §1981 ("Section 1981"), as amended, to be accorded the same rights as were enjoyed by White employees with respect to the terms and conditions of their employment relationship with defendant and to the enjoyment of all benefits, privileges, terms and conditions of that relationship.

29.     Defendant's conduct described above deprived Ms. Evans of the rights, privileges and immunities guaranteed to her under Section 1981.

30.     By reason of defendant's discrimination and retaliation, Ms. Evans is entitled to all legal and equitable relief available under Section 1981.

## Count II

### *Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000d and 2000e et seq.*

31.     Plaintiff restates and realleges paragraphs 1-30, inclusive, as though set forth here in full.

32.     Ms. Evans had a federal statutory right under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000d and 2000e et seq. ("Title VII"), to be accorded the same rights as were enjoyed by White and male employees with respect to the terms and conditions of their employment relationship with defendant and to the enjoyment of all benefits, privileges, terms and conditions of that relationship.

33.     Defendant's conduct deprived Ms. Evans of the rights, privileges and immunities guaranteed to her under Title VII.

34.     By reason of defendant's race and sex discrimination and retaliation, Ms. Evans is entitled to all legal and equitable relief available under Title VII.

### Count III

### The Americans With Disabilities Act, 42 U.S.C. §12101 et seq.

35.     Plaintiff restates and realleges paragraphs 1-34, inclusive, as though set forth here in full.

36.     Defendant discriminated and retaliated against Ms. Evans, a qualified individual with a disability, by failing to make reasonable accommodations to her known limitations, and by otherwise discriminating and retaliating against her because of her disability, in violation of the Americans With Disabilities Act, 42 U.S.C. §§ 12111-12117.

37.     Defendant's conduct was intentional, deliberate, willful and in callous disregard of Ms. Evans's rights.

38.     By reason of defendant's discrimination and retaliation, Ms. Evans is entitled to all legal and equitable relief available under the ADA.

### Count IV

### Pennsylvania Human Relations Act, 43 P.S. §951 et seq.

39.     Plaintiff restates and realleges paragraphs 1-38, inclusive, as though set forth here in full.

40.     Defendant's action in terminating Ms. Evans's employment because of her race, sex and disability, and in retaliation for having complained about defendant's discrimination and harassment, violated the Pennsylvania Human Relations Act (the "PHRA").

41.     Defendant's conduct described above deprived Ms. Evans of the rights, privileges and immunities guaranteed to her under the PHRA.

42.     By reason of defendant's discrimination and retaliation, Ms. Evans is entitled to all legal and equitable relief available under the PHRA.

### *Jury Demand*

43.     Ms. Evans hereby demands a trial by jury as to all issues so triable.

### *Prayer for Relief*

Wherefore, Plaintiff, Ciana Evans, respectfully prays that the Court:

a.      adjudge, decree and declare that defendant engaged in illegal discrimination and retaliation, and that the actions and practices of defendant complained of herein are violative of her rights under Section 1981, Title VII, the ADA and the PHRA;

b.      order defendant to provide appropriate job relief to Ms. Evans, including immediate reinstatement;

c.      enter judgment in favor of Ms. Evans and against defendant for all available remedies and damages under law and equity, including, but not limited to, back pay, front pay, reinstatement, past and future mental anguish and pain and suffering, in amounts to be determined at trial;

d.      order defendant to pay the attorney's fees, costs, expenses and expert witness fees of Ms. Evans associated with this case;

8

e.      grant such other and further legal and equitable relief as may be found appropriate and as the Court may deem just or equitable; and

f.      retain jurisdiction until such time as the Court is satisfied that defendant has remedied the unlawful and illegal practices complained of herein and is determined to be in full compliance with the law.

Robert T Vance Jr
Law Offices of Robert T Vance Jr
100 South Broad Street, Suite 905
Philadelphia PA 19110
215 557 9550 tel / 215 278 7992 fax
rvance@vancelf.com

*Attorney for Ciana Evans*

9

Exhibit A



THE SCHOOL DISTRICT OF
PHILADELPHIA

**Office of Talent**
Suite 202
440 North Broad Street
Philadelphia, PA 19130
(215) 400-4640

June 8, 2021                                                **REGULAR AND CERTIFIED MAIL**

Ms. Ciana Evans                                                          ID #89614
6534 N. 12th St.                                                       Teacher-TPE
Philadelphia, PA  19126 3640                              Delaplaine McDaniel School

**Re:  STATEMENT OF CHARGES and NOTICE OF RIGHT TO HEARING**

Dear Ms. Evans:

You are hereby notified that allegations have been made against you that constitute just cause for the termination of your employment pursuant to the collective bargaining agreement and, in addition, are sufficient grounds for termination of your employment as specified in Section 1108 of the Pennsylvania School Code of 1949 for unsatisfactory performance.

The Administration of the School District of Philadelphia has recommended that the Board of Education terminate your employment with The School District of Philadelphia.

**Statement of Charges**

You were appointed to the position of Teacher as a temporary professional employee on July 4, 2020.

During the 2020-2021 school year, you were a participant in the Peer Assistance and Review Program (PAR) and served as a teacher at Delaplaine McDaniel School. You received the support of a Consulting Teacher (CT) who provided instructional guidance, standards-aligned professional goal setting, and mentoring in elements of effective teaching.

A CT was assigned to you on September 2, 2020, and visited your classroom on 16 separate occasions during the 2020-2021 school year. During that period, the CT observed, provided support, and provided coaching on improving your classroom performance as indicated in Domains I, II, and III of the District's observation tool for teacher performance. The CT also provided coaching, modeling, and goal setting to improve your instructional practice. In February 2021, an Intensive Support Plan was implemented to support your growth in the following areas: 1e: Designing Coherent Instruction, 3b: Using Questioning and Discussion Techniques Managing Classroom Procedures, and 3c: Engaging Students in Learning.

The administrator conducted a formal observation on May 21, 2021, rating your performance with a score of 1.3, including Needs Improvement ratings in the following components: 1c, 1e, 2c, 3a, 3b, 3c, 4c.

Ciana Evans, page 2

Despite the support provided, you did not meet the goals based on the District's performance standards.

Based on evidence collected and submitted by your Principal and Consulting Teacher, it is the decision of the PAR Panel that your teaching performance for the rating cycle concluding June 15, 2021 is rated as "Unsatisfactory," and you will be recommended for dismissal from the School District of Philadelphia.

## Salary and Benefits

The Administration of the School District has recommended that you be dismissed from employment based on the above allegations and administrative findings made against you. You remain suspended without pay, but with health benefits, pending a final decision on the School District's recommendation of dismissal. Payroll will be notified of this action.

## Hearing[1]

If you wish to appeal this decision, pursuant to the Local Agency Law, you must act within ten (10) days of receipt of this letter by either (1) submitting a timely written request for a Board of Education hearing on your appeal to Lynn Rauch, General Counsel at SOCelection@philasd.org (2) requesting your union follow the collective bargaining agreement grievance procedure applicable to you. NOTE: You may choose one or the other of these appeal procedures, but not both.

Should you choose not to appeal in a timely fashion, your dismissal will be processed and submitted to the Board of Education for affirmation by formal resolution of the Board.

## Unemployment Compensation Benefits

Please see the required notice regarding unemployment compensation benefits, which is available for viewing and printing here: https://www.philasd.org/benefits/wp-content/uploads/sites/156/2020/05/SDP_PA-UC-1609FormPublished .pdf. This notice does not mean that you will receive unemployment compensation benefits. If you have a valid unemployment compensation claim, the form provides information on how to file and identify the School District of Philadelphia as your employer.

Sincerely,

Larisa Shambaugh
Chief Talent Officer
cc:  PAR Committee, Principal, PFT, General Counsel, Unemployment, Benefits, Employee Relations, Payroll, Office of Talent, Records, District Email

---

[1] NOTE: At this hearing, you are entitled to legal representation of your own choosing and at your own expense. The School District will not pay for an attorney to represent you. You have the right to hear witnesses and evidence against you and you (or your attorney) will be permitted the opportunity to cross-examine those witnesses. You also will be permitted the opportunity to present witnesses and evidence on your own behalf and to testify on your own behalf. School District Administration will be represented at this hearing by its legal counsel. Your hearing is open to the public, but upon request it will be held privately.