**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

**CIANA EVANS,**                                    :
                          **Plaintiff,**            :
                                                    :     **Civil Action No.: 22-cv-1410**
              **v.**                                :
                                                    :
**THE SCHOOL DISTRICT OF**                          :
**PHILADELPHIA,**                                   :
                                                    :
                          **Defendant.**
_____

## ORDER

AND NOW, this              day of                      , 2022, upon consideration of Defendant's Motion for Summary Judgment, and any response, it is ORDERED that Defendant's Motion is GRANTED. Judgment is entered in favor of Defendant on all counts and Plaintiff's claims are DISMISSED with prejudice. The Clerk of Court is directed to mark this case CLOSED.

BY THE COURT:

_____
                                              Kearney, J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

**CIANA EVANS,**

                 **Plaintiff,**

      **v.**

**THE SCHOOL DISTRICT OF**
**PHILADELPHIA,**

                 **Defendant.**
_____

   :
   :
   :     **Civil Action No.: 22-cv-1410**
   :
   :
   :
   :
   :

## DEFENDANT THE SCHOOL DISTRICT OF PHILADELPHIA'S MOTION FOR SUMMARY JUDGMENT

Defendant, the School District of Philadelphia, respectfully moves for Summary Judgment pursuant to Fed. R. Civ. P. 56. The support for this Motion is set forth in the accompanying Memorandum of Law.

**WHEREFORE**, Defendant respectfully requests that the Court grant this Motion for Summary Judgment in its entirety and dismiss all of Plaintiff's claims with prejudice.

Respectfully submitted,

_/s/Kristen D. Junod_
Kristen D. Junod
Assistant General Counsel
Office of General Counsel
The School District of Philadelphia
440 N. Broad Street, Suite 313
Philadelphia, Pennsylvania 19130
T: 215.400.6255
F: 215.400.4121
kjunod@philasd.org
_Attorney for Defendant_

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

**CIANA EVANS,**                                                   :

                                   **Plaintiff,**          :

                                                        :      **Civil Action No.: 22-cv-1410**

          **v.**                                           :

                                                        :

**THE SCHOOL DISTRICT OF**                        :

**PHILADELPHIA,**                                   :

                                                        :

                                   **Defendant.**        :

_____


**DEFENDANT THE SCHOOL DISTRICT OF PHILADELPHIA'S MEMORANDUM OF
LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

**I.      Introduction.**

The School District of Philadelphia ("the School District") moves for summary judgment on each of Plaintiff Ciana Evans' ("Evans") claims. Evans – a School District teacher recommended for termination for unsatisfactory teaching performance —asserts that she was discriminated and retaliated against on the basis of her race, sex and disability in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. Section 1981("§1981") and the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq. ("ADA").[1]

Summary judgment is warranted on all of Evans' claims because the record does not contain sufficient evidence to support her charges of intentional race, gender or disability discrimination – or retaliation. Notably, Evans did not serve any discovery on the School District. The record contains no legally significant comparator evidence. Instead, Evans relies primarily on her own unsupported beliefs and conclusory statements to support her claims of

---

[1] Count IV of the Complaint – claims brought under the Pennsylvania Human Relations Act, 43 P.S. § 951 et seq. was dismissed. *See* Court Order dated July 6, 2022 at No. 3, Docket Entry No. 9.

discrimination and retaliation. The School District's legitimate, non-discriminatory reasons for recommending her for termination, on the other hand, are well-documented in the record. Each of Evans' claims fail for the same basic reason: the decision to recommend her for termination was not motivated by her race, gender or alleged disability status.

Because no reasonable jury could find for Evans on the established record, the School District respectfully moves the Court for summary judgment on all counts of the Complaint.

**II.      Standard of Review for Summary Judgment.**

A court must grant summary judgment when the record "show[s] that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). A factual dispute "between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). "Material" facts are those "that might affect the outcome of the suit under the governing law." *Id.* A factual dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* "Speculation, conclusory allegations, and mere denials are insufficient to raise genuine issues of material fact." *Boykins v. Lucent Techs., Inc.*, 78 F. Supp. 2d 402, 408 (E.D. Pa. 2000) (citing *Sterling Nat'l Mortg. Co. v. Mortg. Corner, Inc.*, 97 F.3d 39, 45 (3d Cir. 1996), *Groman v. Twp. Of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995), and *Trap Rock Indus., Inc. v. Local 825, Int'l Union of Operating Eng'rs, AFL-CIO*, 982 F.2d 884, 890 (3d Cir. 1992)).

"The reviewing court should view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor." *Burton v. Teleflex Inc.*, 707 F.3d 417, 425 (3d Cir. 2013). Nonetheless, to prevail, "the non-moving party must present more than

a mere scintilla of evidence; 'there must be evidence on which the jury could reasonably find for the [non-movant].' " *Id.* (citing *Jakimas v. Hoffmann–La Roche, Inc.*, 485 F.3d 770, 777 (3d Cir. 2007) (quoting Anderson, 477 U.S. at 252) (alteration in *Jakimas*)). In making this showing of a genuine dispute, "the non-movant may not rest on speculation and conjecture in opposing a motion for summary judgment." *Ramara, Inc. v. Westfield Ins. Co.*, 814 F.3d 660, 666 (3d Cir. 2016).

### III.   Facts.

Pursuant to the Court's Policies and Procedures, the School District incorporates its Statement of Undisputed Material Facts ("Def's SOF"), filed separately with its Motion for Summary Judgment.

### IV.   Argument.

#### A.   Title VII Claims

Count II of the Complaint alleges that the School District discriminated and retaliated[2] against Evans on the basis of her race and sex. Compl. ¶¶ 31-34. As explained below, summary judgment for the School District is warranted because Evans cannot make out a *prima facie* case of discrimination on any basis and even assuming she could, she cannot show that the School District's non-discriminatory reasons for recommending her for termination were pretext.

> 1.   Evans' Disparate Treatment Claims Fail Because Her Recommendation for Termination Was Not Influenced By Her Race or Gender, and She Suffered No Other Adverse Employment Action

Disparate treatment claims like Plaintiff's are analyzed under the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Jones v. Sch. Dist. of Phila.*, 198 F.3d 403, 410 (3d Cir. 1999) (applying *McDonnell*

---

[2] The School District will address Evans' retaliation claim in a separate section.

*Douglas* framework to disparate treatment claims under Title VII). Under the *McDonnell Douglas* framework, the plaintiff bears the initial burden of establishing a *prima facie* case of discrimination. *Id*. If a *prima facie* case is established, the burden of production shifts to the defendant to present a legitimate, non-discriminatory reason for its actions. *Id*. If such a reason is proffered, the burden shifts back to the plaintiff to prove that the legitimate reasons offered by the defendant were a pretext for discrimination. *Id*.

To establish a *prima facie* case of race or sex discrimination under Title VII, a plaintiff must show that: (1) she is a member of a protected class; (2) she was qualified for the position at issue; (3) she suffered a materially adverse employment action; and (4) the circumstances of the adverse employment action support an inference of discrimination. *Whitmore v. Nat'l R.R. Passenger Corp*., 510 F. Supp. 3d 295, 304 (E.D. Pa. 2020) (citing *Jones v. Sch. Dist. of Philadelphia,* 198 F.3d 403, 410–11 (3d Cir. 1999)). For purposes of summary judgment, the School District does not dispute that a reasonable factfinder examining the record would find that Evans is in a protected class – African American and female, that she was minimally qualified for her job[3], and that she suffered an adverse action when she was recommended for termination. The record however does not support Evans' claim that her recommendation for termination occurred under discriminatory circumstances.

Evans' Statement of Charges letter explains the reasons that the School District recommended she be terminated from employment – namely unsatisfactory teaching performance and failure to meet standards. Exhibit 19 at 000563-000564. Evans disagrees with these reasons, claiming in conclusory fashion that her recommendation for termination termination was motivated by her race and/or gender. Compl. ¶¶ 21, 24, 31-34. This position

---

[3] Evans was minimally qualified for the position only to the extent that she met the minimum criteria to work on an emergency permit. Evans does not have a teaching certificate.

cannot survive summary judgment.

The most straightforward method for demonstrating an inference of discrimination is to show that "similarly situated" employees who were not in a protected class were treated more favorably. *See Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 170 (3d Cir. 2013) It is also possible to establish a *prima facie* case without specific comparators, but to do so a plaintiff must provide other evidence to "establish some causal nexus between . . . membership in a protected class and the [adverse action.]" *Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 798 (3d Cir. 2003). The "central focus" of this fourth element "is always whether the employer is treating some people less favorably than others because of their race, color, religion, sex, or national origin." *Id*. (internal quotation marks omitted).

"[T]o be similarly situated, comparator employees must be similarly situated in all relevant respects." *Wilcher v. Postmaster General*, 441 F. App'x 879, 881-82 (3d Cir. 2011) (citations omitted). Important factors include the degree of similarity in the employees' "job responsibilities, the supervisors and decision-makers, and the nature of the misconduct engaged in." *Id*. at 882 (internal citations omitted). In making the showing of a genuine dispute for the purposes of defeating summary judgment, Plaintiff may not rest on speculation and conjecture. *Ramara*, 814 F. 3d at 666. The comparators Evans has identified do not support the inference that her termination was based on race or sex.

Evans has failed to identify any similarly situated Caucasian or male teacher who was retained despite unsatisfactory teaching performance and failure to meet standards. Evans claims five (5) Caucasian teachers were treated more favorably than her in regards to their formal observations: Brittany Ponti (female), Caroline Zuleba (female), Kirstie Kajkowski (female), Joseph Farina (male) and Ann Lupoli (female). Exhibit 21 at 000581. First, as a threshold matter,

Evans' formal observation was only one factor that went into the recommendation for termination. CT Strothers also recommended to the PAR Panel that Evans be dismissed based on observational evidence. Exhibit 13 at 0000519. Secondly, none of the formal observation documents for these five (5) teachers is in the record. Thirdly, there is no evidence in the record that any of these teachers were placed on Intensive Support Plans and advised they were not meeting District standards as Evans was. Nor is there any evidence in the record that any of these teachers received one – let alone multiple "Needs Improvement" informal observations as Evans did. Fourthly, neither Farina nor Lupoli was a first year/new teacher or in the PAR program. Exhibit 2 at 65:9-13, 66:13-14; Exhibit 4 at 77:14-18, 84:2-3. Finally, there is no evidence in the record regarding the Consulting Teacher's recommendation(s) or feedback for Ponti, Zuleba or Kajkowski. Accordingly, none of the alleged comparators are similarly situated to Evans.

On the record before the Court, Evans cannot satisfy the fourth element of a *prima facie* case of race or gender discrimination. To create a genuine dispute of material fact, a party must point to more evidence than just her own statements and subjective beliefs. Summary judgment for the School District is warranted on this claim.

2.  Evans Cannot Demonstrate Pretext Because the Record Clearly Shows that Her Teaching Performance Was Unsatisfactory and That She Was Not Meeting Standards.

Even if Evans could successfully establish her *prima facie* case, she cannot show that the School District's non-discriminatory reasons for recommending her for termination were pretext. To survive summary judgment, Evans must point to admissible evidence in the record that casts sufficient doubt upon each of the legitimate reasons proffered by the School District so that a factfinder could reasonably conclude that each reason was a fabrication, or point to evidence that allows a factfinder to reasonably conclude that discrimination was more likely than not a

motivating or determinative cause of the adverse employment action. *Fuentes v. Perskie*, 32 F.3d 759, 762 (3d Cir. 1994). Throughout this burden-shifting framework, Evans always bears the ultimate burden of persuading a factfinder that the School District intentionally discriminated against her. *Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 799 n.10 (3d Cir. 2003).

Here, the School District meets its burden of producing non-discriminatory reasons for recommending Evans' for termination. *See Fuentes*, 32 F.3d at 759 (citing *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 509). These reasons are documented in the Statement of Charges letter issued to Evans on June 8, 2021– namely failure to meet the School District's performance standards and unsatisfactory teaching performance. Exhibit 19 at 000563-000564. Evans' position of teacher is represented by a union – the Philadelphia Federation of Teachers ("PFT"). Exhibit 1 at 000001; Exhibit 10. The School District and PFT are parties to a collective bargaining agreement ("CBA") that governs certain terms and conditions of Evans' employment. *Id.* During the 2020-2021 school year, Evans was a participant in the Peer Assistance and Review Program ("PAR"). Compl. ¶ 7; Exhibit 1 at 000001-000002. The terms of the PAR Program are outlined in the CBA. Exhibit 10 at 000262-000264. The PAR Program evaluates teacher competency. Exhibit 1 at 000002; Exhibit 10 at 000262-000264.  The PAR Panel makes discretionary decisions regarding eligibility for the Program; monitors the overall progress of teachers participating in the Program; and makes retention recommendations for new teachers participating in PAR. Exhibit 10 at 000263. The PAR Panel is made up of four (4) PFT representatives and four (4) School District representatives. *Id.*; Exhibit 11 at 18:6-10. PAR is mandatory for all new and non-tenured teachers. *Id.* Evans was a new and non-tenured teacher. Exhibit 1 at 000002, Exhibit 2 at 15:14-15. The PAR Panel makes the final determination about a teacher's completion of the PAR program and whether the

recommendation is retention or dismissal. Exhibit 1 at 000002; Exhibit 10 at 000263. Where the PAR Panel recommends dismissal, the teacher will be rated unsatisfactory and dismissed. *Id.* Based upon the evidence collected and submitted by Principal Ortiz and the CT Strothers, the PAR Panel rated Evans' teaching performance as "Unsatisfactory," and recommended her for dismissal. Exhibit 19; Exhibit 11 at 30:1-22. Evans, cannot meet her burden of showing these reasons were pretext for discrimination.

To survive summary judgment, Evans must rely on record evidence to "'demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its actions that a reasonable factfinder could rationally find them unworthy of credence.'" *Jones v. School Dist. of Philadelphia*, 198 F.3d 403, 413 (3d Cir. 1999) (citing *Keller v. Orix Credit Alliance, Inc.*, 130 F.3d 1101, 1108 (3d Cir. 1997)). It is not enough to show that the School District was wrong or mistaken in its judgment, "'since the factual dispute at issue is whether discriminatory animus motivated the employer, not whether the employer is wise, shrewd, prudent or competent.'" *Id.* Again, neither Evans' denial of her own workplace deficiencies nor her subjective belief that racial animus was the true reason for her separation are sufficient for her claims to survive summary judgment. *Kidspeace*, 401 F. App'x at 703 (citing *Waggoner*, 987 F.2d at 1166). The record simply does not contain the type of evidence Evans requires.

Moreover, ELR concluded in its investigation into Evans' June 25th complaint of race discrimination that there was insufficient evidence to establish that Principal Ortiz's recommendation that Evans be dismissed from her position was based upon Evans' race. Exhibit 1 at 000003; Exhibit 25 at 000624. ELR found that Principal Ortiz provided legitimate, race-neutral reasons for recommending Evans' dismissal in her formal observation notes. *Id.*

Moreover, Principal Ortiz does not have unilateral authority to terminate Evans. Exhibit 4 at 109:3-9.

ELR also found that Evans' Consulting Teacher similarly and independently recommended that Evans be dismissed based on legitimate concerns she had with Evans' abilities as a teacher and based upon Evans' lack of improvement during the 2020-2021 school year. Exhibit 1 at 000004; Exhibit 25 at 000624. Evans herself concedes she did not think CT Strothers recommended her for termination because of her race. Exhibit 2 at 76:16-18. Evans also concedes that she does not believe AP Howard's evaluation of her teaching performance was discriminatory. Exhibit 2 at 76:77:17-20.

It defies credibility and logic that somehow Principal Ortiz's recommendation for termination was discriminatory, even though she echoed the same concerns on Evans' teaching performance as CT Strothers and AP Howard. Moreover, there is no evidence in the record that PAR Panel knew Evans' race or sex.

Also telling is Evans' rebuttal of her formal observation. In it, Evans does not point to direct or circumstantial evidence of discriminatory animus, but merely lists reasons why she disagrees with the formal observation scores she received. Exhibit 20, 000565-000576. Even if these responses were supported by other evidence in the record, which they are not, Evans at best shows only that the School District's decision was "wrong or mistaken . . ." in its decision making. *Jones*, 198 F.3d at 413 (citing *Keller*, 130 F.3d at 1108). This cannot satisfy Evans burden for pretext. *Id.*

Although Evans disagrees with the School District's articulated legitimate reasons that it recommended her for termination, she has not produced sufficient evidence to refute the School District's explanation.  Evans' conclusory insistence that the School District was motivated by

race and/or gender cannot carry her burden to show that the School District's reasons for her separation are pretext for intentional discrimination. *Kidspeace*, 401 F. App'x  at 703 (citing *Waggoner*, 987 F.2d at 1166).

Because Evans relies upon her subjective beliefs and not record evidence to demonstrate pretext, her disparate treatment claims cannot survive summary judgment.

B. <u>Title VII Retaliation Claim</u>

Title VII forbids an employer from retaliating against an employee "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation . . . under this subchapter." 42 U.S.C. § 2000e-3(a). Count II of the Complaint also alleges that Evans was terminated in retaliation for her complaints of discrimination and harassment. Compl. ¶¶ 22, 31-34. Summary judgment is warranted on this claim because Evans did not engage in protected activity and/or complain about discrimination until after she was recommended for termination.

1. Evans did not engage in protected activity until after she was recommended for termination.

To establish a *prima facie* case of retaliation under the Title VII, a plaintiff must show that (1) she engaged in protected activity; (2) the employer took an adverse employment action against her; and (3) there was a causal connection between her protected activity and the adverse employment action. *Moore v. City of Phila.*, 461 F.3d 331, 340-41 (3d Cir. 2006), as amended (Sept. 13, 2006). Plaintiff must prove that she would not have suffered the adverse actions but for her protected activity. *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338 (2013). "If the employee establishes this *prima facie* case of retaliation, . . . 'the burden shifts to the employer to advance a legitimate, non-retaliatory reason' for its conduct and, if it does so, 'the plaintiff must

be able to convince the factfinder both that the employer's proffered explanation was false, and that retaliation was the real reason for the adverse employment action.'" *Moore*, 461 F.3d at 342 (quoting *Krouse v. Am. Sterilizer Co*., 126 F.3d 494, 500-01 (3d Cir. 1997)); *McDonnell Douglas Corp. v. Green*, 59 U.S. 792 (1973). Here, Evans cannot establish a *prima facie* case because she did not engage in protected activity until <u>after</u> she was recommended for termination and she cannot prove causation.

To show that she engaged in protected activity, Evans must demonstrate from the record that she opposed discrimination based on a protected class. "A general complaint of unfair treatment is insufficient to establish protected activity under Title VII." *Curay-Cramer v. Ursuline Academy of Wilmington, Delaware, Inc*., 450 F.3d 130, 135 (3d Cir. 2006) (citing *Dupont-Lauren v. Schneider (USA), Inc*., 994 F. Supp. 802, 823 (S.D. Tex. 1998)). In this case, Evans did not complain about discrimination and did not engage in protected activity – until <u>after</u> she was recommended for termination. By letter dated June 8, 2021, Evans was notified by the School District's Office of Talent that she was being recommended for termination based on the decision of the PAR Panel. Exhibit 19. On or about June 25, 2021, Evans filed a complaint of discrimination and harassment with the School District's Office of Employee and Labor Relations ("ELR") alleging that she and other women of color and women in the LGBTQ community were subjected to harassment by Principal Ortiz during the 2020-2021 school year. Compl. ¶ 10; Exhibit 1 at 000003; Exhibit 25 at 000597-000625. The School District agrees that Evans' June 25th complaint to ELR qualifies as protected activity, however, this protected activity occurred 17 days after her termination recommendation. Exhibit 19; Exhibit 25. Evans' complaints to the EEOC also occurred weeks and months after her termination recommendation. Exhibit 1 at 000004 ¶¶ 44-47. Accordingly, there is no causal connection between her protected

activity and the adverse employment action.

Evans will likely attempt to frame a February 13, 2021 email to PFT as protected activity, however, there's no evidence in the record that this was a complaint of discrimination or harassment or otherwise qualifies as "protected activity". On February 13, 2021, Evans sent an email to PFT stating in relevant part, "I'm writing regarding a grievance that involves my Principal (Ms. Ortiz) at Delaplaine McDaniel Elementary School. Attached you will find a document detailing the concerns I have." Exhibit 23 at 000588. Evans did not produce a copy of this complaint/"grievance" to Defendant, despite being asked to so. Exhibit 24 at 000592, 000595; Exhibit 2 at 49:8-14.

According to Evans, the basis of her complaint to PFT was that "Ms. Ortiz's conduct in the classroom was disruptive...It was disruptive and unprofessional given her status as a principal." Exhibit 2 at 48:10-18. When asked what "disruptive and unprofessional" meant, Evans testified, "I remember she was engaging with the students in a manner that interrupted the class while I was trying to teach." Exhibit 2 at 49:19-24. Evans did not complain about race, gender or disability discrimination at this time. Exhibit 2 at 51:6-9. This general complaint does not satisfy the *prima facie* requirement of protected activity, and her retaliation claim must fail.

Further, even assuming, *arguendo*, that the February 13, 2021 email to PFT constituted protected activity, Evans cannot demonstrate causation between that "complaint" and the decision to recommend her for termination. First, it should also be noted that prior to February 13 2021, Evans was already on an Intensive Support Plan ("ISP") and had already two "Needs Improvement" informal observations, as well as feedback that she was not meeting standards. Exhibit 12, Exhibit 14, Exhibit 15, Exhibit 16. Second, there is no evidence in the record that PFT acted upon Evans' email. There is no evidence in the record that PFT forwarded Evans'

"grievance" to Assistant Superintendent Sean Conley. There is no evidence in that record that any other individual involved in the recommendation to terminate Evans – Principal Ortiz, CT Strothers or the eight members of PAR Panel – had any knowledge of Evans' alleged complaint. Evans cannot establish causation if she cannot produce evidence that the person deciding to initiate an adverse employment action against her has knowledge that she engaged in protected activity. *Bedford v. Southeastern Pennsylvania Transp. Auth.*, 867 F. Supp. 288, 293 (E.D. Pa. 1994) (citing *Long v. AT&T Information Systems, Inc.*, 733 F. Supp. 188, 206 (S.D.N.Y. 1990)). Third, nearly four (4) months had elapsed from the February 13th email to June 8th the notification that Evans' was being recommended for termination. Thus, Evans cannot argue that she has shown causation through unusually suggestive timing or temporal proximity. *See Clark Cnty. School Dist. v. Breeden*, 532 U.S. 268, 273-74 (2001) (collecting cases in which three or four month gap between protected activity and adverse employment action is insufficient to establish causal connection).

Finally, even if Evans could establish her *prima facie* case, the School District has a legitimate, non-discriminatory reason for her recommended termination, as set forth in Section IV(A)(2) of this brief, *supra*. As above, the dearth of record evidence means that Evans cannot meet her burden to show that the School District's proffered reasons for her recommendation for termination were pretext for intentional race and/or sex discrimination. [4]

Evans has failed to make out a *prima facie* case of retaliation under Title VII. The School District is therefore entitled to summary judgment on this claim.

C.   Claim Under 42 U.S.C. Section 1981

---

[4] The School District's arguments made above regarding Evans' failure to show pretext also apply with equal force to her retaliation claim.

Count I of the Complaint alleges violation of 42 U.S.C. Section 1981 ("1981"). Compl. ¶¶ 27-30. Summary judgment is warranted on Count I of Evans' Complaint, as she has no independent cause of action against the School District under 42 U.S.C. § 1981. Instead, 42 U.S.C. "§ 1983 provides the exclusive federal remedy for violation of the rights guaranteed in § 1981." *Jett v. Dallas Independent School Dist.*, 491 U.S 701, 733 (1989); *see also McGovern v. City of Philadelphia*, 554 F.3d 114, 120-121 (3d Cir. 2009). Without waiving this procedural argument, the School District argues that Evans cannot survive summary judgment on the substance of her § 1981 claims even if they were properly articulated under § 1983. For brevity, the School District will not repeat the arguments made above regarding Evans' failure to satisfy the *prima facie* elements of her claims of race discrimination or failure to show pretext, but instead incorporate them here. The School District will add, however, that Evans carries an additional burden. For claims brought under § 1981, a plaintiff must show that discriminatory intent was a "but-for cause" of the employer's adverse actions. *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 140 S. Ct. 1009, 1014 (2020). On this record, Evans cannot meet her burden.

D.  Claims of Discrimination Under the ADA

Count III of the Complaint alleges that the School District intentionally discriminated against Evans on the basis of her disability in violation of the ADA. Compl. ¶¶ 35-38. Discrimination claims under the ADA are subject to the three-part burden-shifting framework set out in *McDonnell Douglas Corp v. Green*, 411 U.S. 792 (1973). Under the *McDonnell Douglas* framework, plaintiff has the initial burden of establishing *a prima facie* case of discrimination. *Id.* at 802. If plaintiff succeeds, the burden shifts to the employer, which must articulate "some legitimate, nondiscriminatory reason" for the adverse employment action. Id. Then, the burden

14

shifts back to plaintiff to prove that the employer's proffered reasons are a pretext for discrimination. Id. at 804. The "plaintiff at all times bears the 'ultimate burden of persuasion.'" *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 511 (1993).

To establish *a prima facie* case of disability discrimination under the ADA, a "plaintiff must show (1) that she is disabled within the meaning of the ADA, (2) that she is otherwise qualified for the job, with or without reasonable accommodations, and (3) that she was subjected to an adverse employment decision as a result of discrimination." *Sulima v. Tobyhanna Army Depot*, 602 F.3d 177, 185 (3d Cir. 2010). For purposes of this motion, the School District concedes that Evans could meet the first prong of this test. The Court should grant summary judgment on her claims, however, because Evans cannot establish the third element.[5]

> 1. The Record Does Not Satisfy the *Prima Facie* Elements of Evans' Disability Claim.

Evans was not been subjected to an adverse action as a result of disability discrimination and accordingly she cannot satisfy the third element of her *prima facie* case. To support her claim for disability discrimination, Evans alleges:

- She has diabetes and anxiety. Compl. ¶ 19.

- Principal Ortiz stated during a PD that she was "watching" staff sick days and knew we were using them. Exhibit 21 at 000582.

- That she was terminated because of her disability. Compl. ¶ 21.

Evans makes no other allegations regarding disability discrimination. Compl.; Exhibit 21 at 000582.

---

[5] For the purposes of this Motion only, the School District does not address the second prong – whether or not Evans was qualified to perform the essential functions of the job, with or without reasonable accommodations. Evans was minimally qualified for the position only to the extent that she met the minimum criteria to work on an emergency permit. Evans does not have a teaching certificate.

To satisfy the third prong, Evans needs to show "that adverse employment actions occurred under circumstances that give rise to an inference of unlawful discrimination." *Young v. St. James Mgmt*., LLC, 749 F. Supp. 2d 281, 291 (E.D. Pa. 2010); *see also Texas Dep't of Comm. Affairs v. Burdine*, 450 U.S. 248, 253-54 (1981). This may be established by any evidence tending to show that Evans's disability was a determinative factor in the School District's decision to recommend termination. *See Decker v. Alliant Techs., LLC,* 871 F.Supp.2d 413, 428 (E.D. Pa. 2012); *see also Watson v. Se. Penn. Transp. Auth*., 207 F.3d 207,214-15 (3d Cir. 2000). As an initial matter, to prove discrimination because of disability, the employer must know of the disability. *Rinehimer v. Cemcolift, Inc.,* 292 F.3d 375, 380 (3d Cir. 2002), *see also Jones v. UPS*, 214 F.3d 402, 406 (3d Cir. 2000) ("It is, of course, an axiom of any ADA claim that the plaintiff be disabled and that the employer be aware of the disability").

The only alleged adverse action to address in this case is the recommendation for termination.[6] Here, Evans did not produce any evidence that any individual involved in the recommendation to terminate her knew of her disability. On March 10, 2021, the School District's Office of Employee and Labor Relations ("ELR") granted Evans' accommodation request to continue to work remotely due to the COVID-19 pandemic through June 14, 2021. Exhibit 26 at 000626. Principal Ortiz was not aware that Evans had a disability. Exhibit 4 at 89:15-17. Evans never told Principal Ortiz she had a disability. Exhibit 2 at 87:6-8. Principal Ortiz was only aware that Evans received approval from ELR to continue working remotely when teachers were returning to the building for in-person service. Exhibit 4 at 90:6-91:21. Principal Ortiz believed this was related to the COVID-19 pandemic. Exhibit 4 at 90:22-91:10. There is no evidence in the record that CT Strothers knew Evans had a disability. There is no

---

[6] Evans was never written up and/or otherwise disciplined for using sick days. Exhibit 2 at 86:21-23, 89:4-7; Exhibit 4 at 109:25-110:3. Accordingly, she suffered no adverse action.

evidence in the record that the any member of the PAR Panel knew Evans had a disability. Evans also failed to produce any evidence that any similarly situated non-disabled employees were treated more favorably than her. On this record, there is no "inference of discrimination." Instead, Evans relies solely upon her subjective belief that her recommendation for termination was motivated by her alleged disability. Evans has simply failed to set forth evidence to tie her recommendation for termination to her alleged disability.

Even assuming *arguendo* that Evans could demonstrate a *prima facie* case of disability discrimination, her ADA claim would still fail because she is unable to show that the School District's proffered reasons for her recommended termination were pretext for disability discrimination.[7]

E.   Claim of Retaliation Under the ADA

In Count III of the Complaint Evans also alleges that the School District retaliated against her in violation of the ADA. Compl. ¶¶ 35-38. Summary judgment is warranted on this claim because there is no causal connection between Evans' protected activity and the recommendation for termination.

Retaliation claims under the ADA are analyzed under the same framework as retaliation claims under Title VII. *Krouse v. American Sterilizer Co.*, 126 F.3d 494, 500 (3d Cir. 1997). Thus, the *prima facie* elements of an ADA retaliation claim are (1) protected employee activity; (2) adverse action by the employer; and (3) a causal connection between the protected activity and the adverse action. *Id.* The causation element of this claim requires "but-for" proof. *Univ. of Texas Southwestern Med. Ctr. v. Nassar*, 570 U.S. 338, 339 (2013).

For purposes of summary judgment, the School District does not dispute that a reasonable

_____
[7] The School District's arguments made above regarding Evans' failure to show pretext also apply with equal force to her ADA claim.

factfinder examining the record would find that Evans' request for an accommodation constituted protected activity under the ADA. However, there is no causal connection between Evans' accommodation request and her recommendation for termination. There is no evidence in that record that any individual involved in the recommendation to terminate Evans – Principal Ortiz, CT Strothers or the eight members of PAR Panel knew Evans' had a disability. Evans cannot establish causation if she cannot produce evidence that the person deciding to initiate an adverse employment action against her has knowledge that she engaged in protected activity. *Bedford v. Southeastern Pennsylvania Transp. Auth.*, 867 F. Supp. 288, 293 (E.D. Pa. 1994) (citing *Long v. AT&T Information Systems, Inc.*, 733 F. Supp. 188, 206 (S.D.N.Y. 1990)). Secondly, nearly three (3) months had elapsed from when her accommodation request was approved to when she was notified that she was being recommended for termination. Thus, Evans cannot argue that she has shown causation through unusually suggestive timing or temporal proximity. *See Clark Cnty. School Dist. v. Breeden*, 532 U.S. 268, 273-74 (2001) (collecting cases in which three or four month gap between protected activity and adverse employment action is insufficient to establish causal connection).

Finally, even if Evans could establish her *prima facie* case, the School District has a legitimate, non-discriminatory reason for her recommended termination, as set forth in Section IV(A)(2) of this brief, *supra*. As above, Evans cannot meet her burden to show that the School District's proffered reasons for her recommendation for termination were pretext for disability discrimination.[8]

---

[8] The School District's arguments made above regarding Evans' failure to show pretext also apply with equal force to her ADA retaliation claim.

Evans has failed to make out a *prima facie* case of retaliation under the ADA. The School District is therefore entitled to summary judgment on this claim.

**V.      Conclusion.**

Defendant the School District respectfully request that the Honorable Court enter judgment in its favor. Evans cannot maintain her claims based upon subjective beliefs and conclusory statements. The evidence of record does not support the *prima facie* elements of her claims, let alone pretext for intentional discrimination. The record contains no support for Evans' allegations that the School District discriminated or retaliated against her on the basis of any protected class. The record contains no support for Evans' allegation that she was recommended for termination for discriminatory and/or retaliatory reasons. To create a genuine dispute, a party must point to more evidence than just her own statements, speculation and conjecture. Evans, on this record, cannot meet that standard.

## **CERTIFICATE OF SERVICE**

I hereby certify that the attached Defendant's Motion for Summary Judgment, Proposed Order, supporting Memorandum of Law, and Statement of Undisputed Material Facts has been filed electronically on November 14, 2022, and is available for viewing and downloading from the ECF System and that counsel has consented to electronic service:

Ciana Evans
c/o Robert T. Vance Jr., Esq.
Law Offices of Robert T. Vance Jr.
100 South Broad Street, Suite 905
Philadelphia, PA 19110

*Counsel for Plaintiff*

/s/ *Kristen D. Junod*
Kristen D. Junod, Esq.
Assistant General Counsel
*Counsel for Defendant*

November 14, 2022